UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEIKE ALBERT,

    Plaintiff,

v.                                 Case No.  6:11-cv-869-ORL-36TBS

DRS RSTA, INC.,,

    Defendant.
_____/

ORDER

This cause is before the Court without oral argument on Plaintiff's Motion to Compel (Doc. 83) and Defendant, DRS RSTA, Inc.'s Response to Plaintiff, Heike Albert's Motion to Compel and Incorporated Memorandum of Law (Doc. 87).  For the following reasons, the motion to compel is due to be denied.

I. Background

Plaintiff was employed by Defendant from October 1, 2007 until she was terminated effective January 23, 2009.  (Doc. 49).  In this action, Plaintiff alleges she was the victim of gender-based discrimination and retaliation in violation of 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a); and §§ 760.10 (1) and (7) Florida Statutes.  (Id.)  Defendant denies liability and has alleged fourteen affirmative defenses.  (Doc. 51).

On June 28, 2012, Plaintiff served her Fed.R.Civ.P. 30(b)(6) notice of taking the Defendant's deposition on four topics.  (Doc. 87).[1]  Defendant objected to the

---

[1] Hereafter, unless another source is indicated, all of the facts in this Order are drawn from Defendant, DRS RSTA, Inc.'s response to the motion to compel (Doc. 87).

following two topics on the grounds that they were vague, ambiguous, and overbroad:

> 1. The facts and reasoning underlying each and every denial and defense by you in your most recent Answer in this case which facts, in your opinion, are materially relevant to your defense.
>
> * * *
>
> 4. Any and all reviews, investigations, and other activities relating to Plaintiff.

Counsel conferred and Defendant's lawyer said he was prepared to produce witnesses to testify in response to Topics 2 and 3, about which no objection had been made. However, Defense counsel told Plaintiff he was not prepared to produce witnesses in response to Topic 1 because it does not identify which of Defendant's denials and affirmative defenses witnesses would be questioned on. Defense counsel advised Plaintiff that he objected to Topic 4 because it fails to specify the nature of the "reviews, investigations, and other activities" about which Defendant's witnesses should be knowledgeable. Plaintiff refused to provide clarification on either Topic.

On July 31, 2012, Defendant produced two corporate representatives for deposition. Plaintiff's lawyer questioned the first witness for less than an hour. Ten minutes prior to the start of the deposition of the second witness, Plaintiff's attorney said he had what he needed and would not be deposing the second witness. Plaintiff subsequently filed the pending motion to compel Defendant to produce a witness to testify in response to Topic 1. (Doc. 83).

II. Discussion

Federal Rule of Civil Procedure 30(b)(6) provides:

(6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Rule 30(b)(6) imposes obligations on the proponent of the discovery and the responding party. "The party seeking discovery must describe the matters with reasonable particularity and the responding corporation or entity must produce one or more witnesses who can testify about the corporation's knowledge of the noticed topics." QBE Insurance Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676, 688 (S.D.Fla. 2012) (citing Great Am. Ins. Co. v. Vegas Constr. Co., Inc., 251 F.R.D. 534, 539 (D.Nev. 2008)). "The purpose of the reasonable particularity requirement is to allow the business to identify a witness or witnesses who possesses knowledge responsive to the subjects identified in the Rule 30(b)(6) notice." Catt v. Affirmative Ins. Co., No. 2:08-cv-243-JVB-PRC, 2009 WL 1228605 at *7 (N.D.Ind. Apr. 30, 2009).

In the Middle District of Florida, counsel are advised that "[a] notice or subpoena to an entity, association, or other organization should accurately and concisely identify the designated area(s) of requested testimony, giving due regard to the nature, business, size, and complexity of the entity being asked to testify." Middle

District Discovery (2001) at II.A.4. "A responding party or witness, who is unclear about the meaning and intent of any designated area of inquiry, should communicate in a timely manner with the requesting party to clarify the matter so that the deposition may proceed as scheduled. The requesting party is obligated to provide clarification sufficient to permit informed, practical, and efficient identification of the proper witness." Id.

The expansive request in Topic 1 does not describe "with reasonable particularity the matters for examination." Rule 30(b)(6). Topic 1 encompasses approximately thirty denials and fourteen affirmative defenses. There is nothing concise or accurate about this designation and when Defendant's lawyer asked in advance of the deposition, Plaintiff's lawyer refused to provide clarification.

Topic 1 also instructs Defendant to produce a deponent to testify concerning "which facts, in [Defendant's] opinion, are materially relevant to [Defendant's] defense." Although the scope of discovery is broad, there are limits. In Hickman v. Taylor, the Supreme Court recognized the work product privilege, observing that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." 329 U.S. 495, 510-11 (1947).

The work product privilege is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and protects two types of work product. First is fact work product which consists of "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . ." FED. R. CIV. P. 26(b)(3); Pepper's Steel, 132 F.R.D. 695, 697 (S.D. Fla. 1990).

Second is work product consisting of "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Pepper's Steel, 132 F.R.D. at 698.  This is known as "opinion work product." Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994).  "[O]pinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." Id. (quoting In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)).  The party asserting the work product privilege has the burden of demonstrating that the information sought warrants such protection. Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003); Jackson v. Geometrica, No. 304CV640J20HTS, 2006 WL 510059, at *1 (M.D. Fla. Mar. 2, 2006); Chase v. Nova Southeastern Univ., Inc., No. 11-61290-CIV, 2012 WL 2285915, at *4 (S.D. Fla. June 18, 2012).

If the Defendant was required to produce a witness in response to Topic 1, it would necessarily have to divulge its legal theories and positions on the issues and how Defendant's counsel intend to marshal the facts to support Defendant's position. This information is opinion work product which is protected by the work product privilege. EEOC v. McCormick & Schmick's Seafood Restaurants, Inc., Civil Action No. WMN-08-CV-984, 2010 WL 2572809, at *4 (D. Md. June 22, 2010).

Accordingly, Plaintiff's Motion to Compel (Doc. 83) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on August 17, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel